UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
SHARON PITTER EL, *pro se*,

                            Plaintiff,

                  -against-

MARK J. O'BRIEN, STEVEN R. BERRARD,
ELLYN L. BROWN,  DENMAR J. DIXON,
WILLIAM J. MEURER, SHANNON E. SMITH,
MICHAEL T. TOKARZ, CHARLES E. CAUTHEN,
KIMBERLY A. PEREZ, and KRISTEN AUNE,

                            Defendants.

**MEMORANDUM AND ORDER**

12-cv-01793 (DLI)(JMA)

-------------------------------------------------------------------------x

On March 12, 2012, *pro se*[1] plaintiff Sharon Pitter El ("Plaintiff") brought this action against Mark J. O'Brien, Steven R. Berrard, Ellyn L. Brown, Denmar J. Dixon, William J. Meurer, Shannon E. Smith, Michael T. Tokarz, Charles E. Cauthen, Kimberly A. Perez, and Kristen Aune (collectively, "Defendants") by filing a Summons with Notice in New York State Supreme Court, Queens County.  (*See* Notice of Removal, Ex. A., Dkt. Entry 1 ("Summons with Notice").)  On April 10, 2012, Defendants removed this action from state court to this court, asserting that Plaintiff raised questions of federal law in the Summons with Notice.  (*See* Notice of Removal, Dkt. Entry 1.)  On May 15, 2012, Defendants filed a letter requesting a pre-motion conference so they could seek permission to file a motion to dismiss for failure to prosecute, contending that Plaintiff had failed to file a complaint despite Defendants' demand for a

---

[1] Plaintiff states that she is filing *in propria persona*, as opposed to "*pro se*."  However, the two phrases are in fact interchangeable.  *See* Black's Law Dictionary 863, 1341 (9th ed. 2009).  Because Plaintiff is proceeding without an attorney, the court will refer to her as appearing *pro se*.

1

complaint following filing of the Summons with Notice. (*See* Letter from Defs., Dkt. Entry 2.)[2] On May 30, 2012, Plaintiff filed what she styled an "Opposition to Motion to Dismiss" attaching an "Affidavit of Fact (Summons and Complaints)," more fully laying out allegations underlying her claims. (*See* Pl.'s Opp. & Compl, Dkt. Entry 4.) More specifically, Plaintiff contends that Defendants, who purportedly are affiliated in some way with a mortgage servicer, Green Tree Servicing LLC, failed to provide Plaintiff with a copy of a mortgage and promissory note and, therefore, the mortgage is invalid. (*Id.* at 4-5.) Construing it liberally, the court treats Plaintiff's "Affidavit of Fact (Summons and Complaints)" as the operative Complaint in this action, filed in response to Defendants' demand for a complaint. For the reasons set forth below, the Complaint is dismissed for failure to state a claim, with leave to amend. The court also denies Defendants' request for a promotion conference as moot.

## LEGAL STANDARD

In reviewing Plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court may nevertheless dismiss a complaint *sua sponte* when it is wholly without merit. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F. 3d 362, 363 (2d Cir. 2000) (per curiam) ("[T]he District Court properly determined that it possessed the power to dismiss the instant action *sua sponte*.") To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* Moreover,

---

[2] In New York state court, a plaintiff can commence an action by filing a summons with notice rather than a full complaint. *See* N.Y. C.P.L.R. § 304 (McKinney 2012).

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679 (internal citations and quotation marks omitted).

## DISCUSSION

Plaintiff's allegations are not a model of clarity, but they can be summarized as follows. Plaintiff alleges that on October 26, 2011, she served a "Writ of Discovery" "requesting a succinct copy of a contract with a bona fide signature related to loan documents along with 11 additional questions relating to how Green Tree Servicing LLC acquired a lawful interest in property in question; on or prior to November 14, 2011 to make a physical inspection and verify and Witness [sic] the same." (Pl.'s Opp. & Compl. 4.) Plaintiff also contends that the mortgage about which she complains is "void" because it is "not supported by any lawful consideration," "Defendant is in violation of the laws relating to forgery and usury by creating unlawful money and credit on their books by using bookkeeping entry [sic]," and "Defendant has no right[,] title or interest in the premise [sic] or lien thereon." (*Id.* at 5.)

For "Relief," Plaintiff "demand[s] Due Process as protected by the Fourth (4th) and Fifth (5th) Amendments of the Constitution for the United States of America," asks the court to "stop these abuses of the colorable authority" by Defendants, seeks for criminal charges "to be placed upon" Defendants, and demands monetary damages from Defendants. (*Id.*) Plaintiff also seeks "[e]nforcement of the following:"

> The Divine Constitution and By-Laws of the Moorish Science Temple of America; The Moorish Nation of North America; Act VI: By Being Moorish American, you are Part and Parcel of this said government and Must Live the Life Accordingly; Article VI of the United States Constitution Republic/The Treaty of

3

> Peace and Friendship of EIGHTEEN HUNDRED and THIRTY-SIX (1836) A.D., Classifies Moorish Americans as Federal Citizens Possessing Freehold by Inheritance Status-Truth A-1.  See Article 3, Section 2 of 'The Constitution of the United States of America.'

(*Id*.)

Plaintiff's pleadings do not state a claim upon which relief can be granted.  Plaintiff's claims under the United States Constitution are liberally construed to be brought pursuant to 42 U.S.C. § 1983, which imposes liability for "the deprivation of any rights, privileges, or immunities secured by the Constitution."  However, such claims can only be brought against "state actors or those acting under color of state law."  *Spear v. Town of West Hartford*, 954 F. 2d 63, 68 (2d Cir. 1992) (42 U.S.C. § 1983 "addresses only those injuries caused by state actors or those acting under color of state law.").  Defendants are purportedly representatives of Green Tree Servicing LLC, which appears to be a private actor.  There are also no allegations that Defendants conspired with the government to deprive Plaintiff of her constitutional rights.  Accordingly, Plaintiff's claims under the United States Constitution are without merit.

Plaintiff's request for the court to impose criminal penalties on Defendants must also be dismissed.  Assuming Plaintiff is seeking to invoke 18 U.S.C. §§ 373, 1001, 1341, 1349, as she did in her Summons with Notice, these statutes impose criminal penalties for solicitation to commit a crime of violence (18 U.S.C. § 373), making false statements in a matter within the federal government's jurisdiction (18 U.S.C. § 1001), mail fraud (18 U.S.C. § 1341) and conspiracy or attempt to commit mail fraud (18 U.S.C. § 1349).  None of these statutes provide for any private right of action and, therefore, cannot form the basis of a valid claim by Plaintiff. *See, e.g.*, *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 478 (E.D.N.Y. 1998) (holding that there is no private right of action under mail fraud statute), *aff'd* 205 F. 3d 1327 (2d Cir.

2000) (table); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) ("No private right of action is provided under [18 U.S.C. § 1001].").

Finally, throughout the Complaint, Plaintiff also invokes an 1836 treaty between Morocco and the United States, which obviously is unusual for a mortgage dispute relating to property in New York.[3]  Apparently, Plaintiff ascribes to the ethnic/religious Moorish movement, which teaches certain views of United States history and its legal system, which are, to put it mildly, outside the mainstream, as they give special import to treaties between the United States and Morocco. *See United States v. James*, 328 F. 3d 953, 954 (7th Cir. 2003) (Moorish movement followers believe they "need obey only those laws mentioned in an ancient treaty between the United States and Morocco."); *cf. Bank of Am. Nat'l Ass'n v. Derisme*, 2010 WL 3211066, at *4 n.6 (D. Conn. Aug. 13, 2010) ("Members of the Moorish Science Temple apparently believe that maritime law is the only law of the land, and that all civil cases are thus admiralty cases which belong in federal court."); *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 242-45, 266-82 (D.N.J. 2011) (discussing beliefs of the Moorish movement and issuing order precluding future litigation by Moorish organization and certain members, except under certain conditions).

While this court does not wish to "diminish or demean [Plaintiff] or [her] chosen religion in any way. . . not even the constitutionally-protected right to free exercise entitles one to impose his views on others, such as the Defendant, when they conflict so fundamentally with the laws of this country." *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 214 (D. Conn. 2010). However ardently and genuinely Plaintiff may believe the opposite, the 1836 treaty between the United States and Morocco simply has no relevance to Plaintiff's or Defendants' rights or

---

[3] Plaintiff's also asserts claims under the "Zodiac Constitution" and the by-laws of the Moorish Science Temple.  These claims are not ones that can be adjudicated by this court.

obligations with respect to a mortgage or property located in this state. *Cf. Bey v. City of Rochester*, 2012 WL 1565636, at *7 (W.D.N.Y. Apr. 30, 2012) ("Plaintiffs recite the Marrakech Treaty of Peace and Friendship from 1787. . . . Viewing the allegations in the light most favorable to Plaintiffs, the Court fails to see how the Treaty provides Plaintiffs with an exemption from property taxes."); *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J. 2011) ("a litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous, and that includes any claims related to real estate property located within the United States, collection of mortgage payments, foreclosure or eviction proceedings, etc." (internal citation omitted)). Thus, Plaintiff's claims pursuant to any treaties with Morocco must be dismissed.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). Here, based upon the Summons with Notice and Complaint, it appears that Plaintiff's allegations that she should have been provided with genuine copies of her mortgage and note as well as her dispute over the validity of her debt may be attempts to plead claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and/or the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. At this time, Plaintiff has failed to plead any claims under the FDCPA or TILA. However, in light of Plaintiff's *pro se* status, Plaintiff is granted leave to file an amended complaint. In deciding whether to file an amended complaint, Plaintiff is cautioned to consider whether she believes in good faith that she has claims under the FDCPA and TILA, or if she believes that she has state law mortgage claims that should be filed in state court. Plaintiff must

6

also consider whether she has named the proper parties as defendants in this action, as it appears that she should not have named the individuals, but rather the business entities they represent.

## CONCLUSION

For the reasons set forth above, this action is dismissed without prejudice and Plaintiff is granted leave to amend her Complaint to the extent she is attempting to assert FDCPA or TILA claims. Plaintiff must file any amended complaint by July 20, 2012. If Plaintiff fails to file an amended complaint by July 20, 2012, judgment shall be entered dismissing the Complaint with prejudice. For Plaintiff's convenience, "Instructions on How to Amend a Complaint" are attached. Plaintiff must use the same docket number currently assigned to this case in any repleading.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      June 20, 2012

/s/
DORA L. IRIZARRY
United States District Judge

7